FILED BY_____D.C.

05 DEC -7 AM 7: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ROGER L. SMITH,**

      Plaintiff,

vs.                                            Case No. 05-2050 D P

**LIFE INSURANCE COMPANY OF NORTH
AMERICA, a subsidiary of CIGNA CORPORATION;
SHARP ELECTRONICS CORPORATION; and
SHARP ELECTRONIC CORPORATION LONG
TERM DISABILITY PLAN,**

      Defendants.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this ___6th___ day of ___December___, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:05-CV-02050 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

Robert M. Williams
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Kurt Russell Ward
GALLER & ATKINS
1117 Perimeter Center West
Suite W405
Atlanta, GA 30338

Amy J. Traub
EPSTEIN BECKER & GREEN, P.C.
250 Park Ave.
New York, NY 10177--121

Jon Michael Gumbel
EPSTEIN BECKER & GREEN
945 East Paces Ferry Road
Resurgens Plaza Suite 2700
Atlanta, GA 30326--138

Nikole Marie Crow
CARTER & ANSLEY
1180 West Peachtree Street
2300 Atlantic Center Plaza
Atlanta, GA 30309

Joseph M. Crout
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Kenton Jones Coppage
CARTER & ANSLEY
1180 West Peachtree Street
2300 Atlantic Center Plaza
Atlanta, GA 30309

Elizabeth Johnson Bondurant
CARTER & ANSLEY
1180 West Peachtree Street
2300 Atlantic Center Plaza
Atlanta, GA 30309

Pamela Ilene Atkins
GALLER & ATKINS
1117 Perimeter Center West
Suite W405
Atlanta, GA 30338

Honorable Bernice Donald
US DISTRICT COURT